*Affirmed.*

---

## EX PARTE ED. GODFREY.

MISDEMEANOR CONVICTS.— Article 816 of the Code of Procedure enables a misdemeanor convict, by making the prescribed affidavit of insolvency, to obtain his discharge from imprisonment by working out the fine and costs adjudged against him; but a misdemeanor convict who is also detained in prison on a charge of felony cannot, by complying with the provisions of article 816, be set at liberty. The county authorities have no power to hire out a misdemeanor convict who is also in custody on an accusation of felony.

HABEAS CORPUS on appeal from a judgment rendered in chambers by the Hon. WM. T. AUSTIN, County Judge of Galveston county.

The opinion states the case.

Opinion of the court.

*Walter L. Wilson*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

Hurt, J. A party, on default of payment of fine and cost, was committed to the county jail, and at the same time he was committed on default of bail in a felony case. After having been imprisoned in the county jail a sufficient length of time to entitle him to his discharge, rating his punishment at three dollars per day, he claimed his discharge, and to obtain the same sued out this writ. He gave the bond in the felony case after (not before) the expiration of the term,— the day the writ was issued,— and then claimed his discharge under the provisions of article 816 of the Code of Criminal Procedure.

To obtain relief under that article he must make oath in writing that he is unable to pay the fine and costs. When this is done he may be hired out, or be put to work at the work-house or work farm, or on public improvements of the county. Now, in case neither of these things is done, he must be discharged after having been imprisoned a sufficient length of time, at the rate of three dollars per day, to satisfy the fine and costs.

But certainly the county authorities have no right to take from jail a prisoner charged with felony, and hire him out, or place him to work, as is required by article 816. To do so would be a very great wrong, if not a felony. Suppose the prisoner were charged with capital felony; will it be insisted that he should thus in effect be discharged? The article embraces cases in which the prisoner is convicted of misdemeanor, the punishment being a pecuniary fine, and is of course controlled by the law regulating bail.

The judgment of the county judge is affirmed.
*Affirmed.*